**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4975**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TOBY LEE LOVE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (2:05-cr-00082-JBF)

———————

Submitted:  July 18, 2007              Decided:  July 31, 2007

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James B. Melton, Chesapeake, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toby Lee Love was convicted by a jury of one count of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana as well as one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 2; 1956; 1957; 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846 (2000). Love was sentenced by the district court to 210 months' imprisonment. On appeal, Love contends his sentence is unreasonable as it "was based upon an irrational determination by the jury." Finding no error, we affirm.

Love's argument on appeal centers on his assertion that the testimony of the Government's witnesses was inconsistent as to drug quantities. He asserts the verdict was inconsistent because it attributed five kilograms of cocaine to him without attributing a specific quantity of marijuana. As the testimony regarding the fifth kilogram of cocaine involved a trip in which one pound of marijuana was also said to have been transported, Love reasons that the jury's failure to find a specific quantity of marijuana established that the jury did not believe the third trip occurred. Love therefore concludes that the greatest quantity of cocaine the jury could have consistently attributed to him was four kilograms.

However, one witness testified that Love transported approximately five kilograms of cocaine during the course of three trips. The witness' testimony established that the witness was the

leader of the conspiracy and therefore aware of all of the transactions occurring within the course of the conspiracy—including Love's. Thus, there was evidence upon which the jury could have based its findings. As witness credibility is solely within the province of the jury, we will not reassess the credibility of testimony. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Moreover, even if the verdict was inconsistent, such inconsistencies "in criminal trials need not be set aside, but may instead be viewed as a demonstration of the jury's leniency." United States v. Powell, 469 U.S. 57, 61 (1984). Therefore, because the district court appropriately treated the Guidelines as advisory, properly calculated and considered the advisory guideline range, and weighed the relevant 18 U.S.C. § 3553(a) (2000) factors, we conclude Love's 210-month sentence, which was below the statutory maximum and at the bottom of the advisory guideline range, is reasonable. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); see also United States v. Green, 436 F.3d 449, 457 (4th Cir.) (stating a sentence imposed within a properly calculated guideline range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

- 3 -

contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED